# Commonwealth ex rel. Graham *v.* Cameron, Appellant.

*Public officers—Justices of the peace—Jurisdiction—Place of residence—Act of February 22, 1802, 3 Smith's Laws 490.*

1. Under the Act of February 22, 1802, 3 Smith's Laws 490, providing that no justice of the peace shall act as such, unless he shall reside within the limits of the district for which he was commissioned, a justice of the peace residing in that part of a township, which, after the justice was commissioned for the entire township, was annexed to a borough, ceases to have any legal right to exercise the office of justice of the peace.

*Justices of the peace—County officers—Jurisdiction, C. P.—Quo warranto—District attorney.*

2. Although a justice of the peace receives a commission from the governor, he is not a State, but a county officer; and his right to hold office may, therefore, be questioned in quo warranto proceedings by the district attorney of the county in which he claims the right to hold office.

Argued Oct. 2, 1917.    Appeal, No. 60, Oct. T., 1917, by respondent, from judgment of C. P. Beaver Co., Dec. T., 1916, No. 60, of ouster, in case of Commonwealth of Pennsylvania ex rel. Louis E. Graham, District Attorney, v. Walter S. Cameron.    Before BROWN, C. J., MESTREZAT, STEWART, FRAZER and WALLING, JJ.    Affirmed.

Quo warranto to test defendant's right to exercise the office of justice of the peace in the Township of Harmony.

The facts appear in the following opinion of BALDWIN, P. J.:

210  COM. ex rel. GRAHAM *v.* CAMERON, Appellant.

Opinion of Court below.  [259 Pa.

The suggestion and demurrer in this case raise two questions:

(1) Whether a justice of the peace who ceases to reside within the district for which he has been commissioned thereby loses his office.

(2) Whether the district attorney may file a suggestion for a writ of quo warranto against a justice of the peace.

A third question is raised by counsel for respondent, namely, whether or not if the respondent is attempting to transact official business outside of the district for which he was elected the remedy is by injunction and not by quo warranto. Counsel for respondent, in support of their contention that the remedy is by injunction, cite the case of Commonwealth ex rel. v. Smail, 238 Pa. 106. In that case, however, there was no question as to the right of Smail to act within the territory for which he was elected. It was not contended that he had changed his residence. In that case the questions decisive of the case at bar were not before the court.

Taking up the above mentioned questions in their order:

As to the first question:

The respondent was duly elected and commissioned as a justice of the peace for the Township of Harmony. In March, 1916, by proceedings duly and legally had, a part of said Township of Harmony was duly annexed to the Borough of Ambridge, the residence and office of said respondent being in that portion of Harmony Township so annexed. By virtue of said annexation proceedings, the respondent became a resident of the Borough of Ambridge. The respondent, nevertheless, continues to exercise his office of justice of the peace in and for said township.

The Act of February 22, 1802, 3 Smith's Laws 490, provides: "That from and after the first day of August, next, no justice of the peace shall act as such unless he shall reside within the limits of the district for which

he was commissioned." The Act of June 21, 1839, P. L. 376, 380, Section 13, provides as follows: "The several aldermen and justices of the peace elected and commissioned under this act shall be subject to removal in the same manner and for the same causes prescribed by the existing laws of this Commonwealth, and during their continuance in office shall respectively keep their offices in the ward, borough or township for which they shall have been elected."

It will be noted that the Act of 1802 provides that "no justice of the peace shall act as such unless he shall reside within the limits of the district for which he was commissioned." The respondent's commission made him a justice of the peace for the Township of Harmony. If the whole of the district had been annexed to the Borough of Ambridge, it is clear that his commission could not continue to exist: Commonwealth ex rel. v. Hudson, 253 Pa. 1.

But it is only the part of Harmony Township in which the respondent resides and keeps his office that has been annexed to the Borough of Ambridge. If there had been no annexation proceedings and the respondent had moved into the Borough of Ambridge, there is no question but that he could not exercise his commission. That would be true if the respondent thus changed his residence by his voluntary act. The result is precisely the same where the residence has been changed involuntarily. The annexation proceedings legally removed him from the Township of Harmony. Hence the respondent is without legal right to exercise the office of justice of the peace.

As to the second question:

Is the district attorney the proper party to file the suggestion, or must it be filed by the attorney general?

The Act of 1836, P. L. 621, Section 2, provides:

"Writs of quo warranto, in the form and manner hereinafter provided, may also be issued by the several Courts of Common Pleas, concurrently with the Supreme

. 212   COM. ex-rel. GRAHAM v. CAMERON, Appellant.

Opinion of Court below.                    [259 Pa.
Court, in the following cases, to wit: 1. In case any person shall usurp, intrude into or unlawfully hold or exercise any county or township office within the respective county......and in any such case the writ aforesaid may be issued upon the suggestion of the attorney general, or his deputy, in the respective county, or of any person or persons desiring to prosecute the same."

If the office of justice of the peace is a county office within the meaning of the Act of 1836, then it would seem that the district attorney, who occupies the position formerly held by the deputy attorney general (Act of May 3, 1850, P. L. 654), has the authority to file the suggestion. There are some county court cases to the contrary. In 1870 Judge STOWE of the Allegheny County courts held in Commonwealth v. Reed, 18 P. L. J. 131, that the district attorney had no right to file a suggestion for a writ of quo warranto against an alderman. The ground of that decision was that an alderman held a commission from the governor. In Commonwealth ex rel. Stewart v. Reilly, 14 Pa. D. R. 531, the Reed case was followed, the court holding that the district attorney could not file a suggestion for a writ of quo warranto against a public officer commissioned by the governor.

The Act of 1836 authorizes the district attorney to file a suggestion for such writ against any person unlawfully holding or exercising "any county or township office within the respective county." If the office of justice of the peace is a county office, then the district attorney has authority to file the suggestion. Commonwealth v. Callen, 101 Pa. 375, is authority for the proposition that the office of justice of the peace is a county office, within the meaning of the Act of 1836. It is certainly not a State office; and the fact that the commission is from the governor of the State does not make it such. In Commonwealth v. Callen, supra, the Supreme Court in a per curiam affirmed the lower court upon its opinion, which held: "An alderman or justice of the peace is not properly a ward, borough or township of-

COM. ex rel. GRAHAM *v.* CAMERON, Appellant. 213

1917.]    Opinion of Court below—Assignment of Error.

ficer, nor is the office a judicial office, strictly speaking, although the constitutional provisions on the subject are found in the article on the judiciary. We must, however, consider it as belonging to the class of ward, borough or township offices, because it is placed in that class by the constitution. And it is the only office of that class where, under existing laws, the governor has power to appoint, in case of vacancy."

There are a number of other cases holding that a justice of the peace is a county office: Commonwealth ex rel. v. Brunner, 6 Pa. C. C. 323; Stapleton v. Griest, 26 Pa. C. C. 134; Commonwealth ex rel. v. Lentz, 13 Pa. D. R. 388.

If the justice of the peace is not either a county or township officer within the purview of the Act of 1836 he must be a State officer, and the Supreme Court only has original jurisdiction under the Constitution to try the title to same.

The Courts of Common Pleas of the State have for years exercised jurisdiction in disputes of this kind; and no one seems to have questioned or disputed the propriety thereof; everyone has assumed that a justice of the peace is a county as distinguished from the State officer, and that a disputed title to same should, therefore, be tried in the Court of Common Pleas.

There being no appellate court decision deciding this question, we have reached the conclusion that the district attorney is the proper person to file a suggestion for a writ of quo warranto against a justice of the peace.

The defendant demurred to the suggestion for the writ. The court overruled the demurrer and entered judgment of ouster against the respondent. Respondent appealed.

*Error assigned* was the judgment of the court.

*Richard S. Holt,* with him *Clyde Holt* and *Harry B. Richardson,* of *Holt, Holt & Richardson,* for appellant.

*William A. McConnel,* for appellee.

PER CURIAM, October 19, 1917:

The judgment in this case is affirmed on the opinion of the learned court below overruling defendant's demurrer and directing judgment of ouster to be entered against him.