## Patton v. Lawrence County Commissioners.

*Randall B. Luke*, for petitioner.

*John P. Lockhart*, County Solicitor, for respondents.

CHAMBERS, J., Aug. 29, 1929.—This case comes before the court on petition of plaintiff for writ of mandamus against Thomas J. McCullough, P. O. Elder and Calvin C. Boyd, County Commissioners of Lawrence County, and W. A. Eakin, their chief clerk, commanding them to place the name of Charles V. Patton upon the ballot for the coming primary election to be held on Sept. 17, 1929, as a candidate for nomination for the office of justice of the peace in and for the Borough of Ellwood City.

The Borough of Ellwood City, as originally incorporated, was within Lawrence County. There has been annexed to said borough, however, a portion of land adjoining the original borough and lying within the County of Beaver. The plaintiff resides within that part of the borough which lies in Beaver County. On July 22, 1929, the said Charles V. Patton presented to W. A. Eakin, chief clerk for the County Commissioners of Lawrence County, a petition in regular form to have his name placed upon the official ballot for the fall primary of the year 1929 as a candidate for justice of the peace in Ellwood City Borough. This petition was signed by twenty-nine persons admitted to be qualified electors of the Republican Party of the Borough of Ellwood City. On the day of its presentation it was stamped as follows: "Filed July 22, 1929, W. A. Eakin, Chief Clerk." On Aug. 16, 1929, the county com-

missioners, through their chief clerk, notified plaintiff by letter that he would not be eligible to have his name placed on the ballot, for the reason that he was not a resident of Lawrence County. The petition for a writ of mandamus on the part of the plaintiff was then presented.

Section 2 of the Act of July 9, 1919, P. L. 832, provides as follows: "It shall be the duty of the officer or officers to whom any nomination paper is brought for the purpose of filing, to examine the said paper, and if it lacks sufficient signatures or be otherwise manifestly defective, it shall not be filed; but the action of said officer or officers in refusing to receive such paper may be reviewed by the Court of Common Pleas of the county upon an application for mandamus to compel its reception as of the date when it was brought to the office. All nomination papers which have been filed shall be deemed to be valid unless objections thereto are duly made, by writing filed in the Court of Common Pleas of the county in which the paper objected to has been filed and with the officer or officers with whom such papers have been filed and within the following periods. . . ."

The plaintiff contends that the paper presented met the requirements of this act; that it had sufficient signatures; that it was not in any way manifestly defective, and that no written objections to the petition were filed.

If the plaintiff by reason of his residence being in that part of Ellwood City which is in Beaver County is not eligible to the office of justice of the peace in the Borough of Ellwood City, then we cannot hold with the contention of the plaintiff. It appears that Division Avenue, upon which the plaintiff resides, in its centre line is the dividing line between that part of the borough which lies in Lawrence County and that part annexed from Beaver County. If no one residing in that part of the borough which lies in Beaver County is eligible to the office of justice of the peace, then it would be the duty of the county commissioners to examine the paper and if they found the residence of the candidate to be in such part of the borough to refuse to receive it. The paper would be manifestly defective. The petition sets forth the residence of the plaintiff as being at No. 523 Division Avenue, Ellwood City, Pennsylvania. This number is on that side of the street which lies in Beaver County, and to that extent the paper is manifestly defective. The evidence taken shows that the stamp placed on the nominating petition was placed thereon by the clerk in the absence of any action on the part of the commissioners. It was the duty of the commissioners to act upon the paper as a board. And until they so acted it could not be said to be filed. When the paper was called to their attention and the place of residence of the candidate became manifest, they refused to accept it and so notified him. As county commissioners they would be presumed to know the territorial limits of the county as well as of the Borough of Ellwood City, and on examination of the paper itself, showing that the candidate resided out of the county, they would be warranted in refusing to receive it.

The question of the eligibility of a candidate for the office of justice of the peace in that part of the Borough of Ellwood City annexed from Beaver County we find more difficult. The question presented to us, as far as we are able to find, has not been passed upon. It will be necessary, therefore, to notice the constitutional provisions, the statutes and the decisions of our courts in relation to the office and reach such conclusion as we may.

Section 11 of article 5 of the Constitution of Pennsylvania provides as follows: "Except as otherwise provided in this constitution, justices of the peace or aldermen shall be elected in the several wards, districts, boroughs and townships at the time of the election of constables by the qualified electors thereof,

in such manner as shall be directed by law, and shall be commissioned by the governor for a term of five years. No township, ward, district or borough shall elect more than two justices of the peace or aldermen without the consent of a majority of the qualified electors within such township, ward or borough; no person shall be elected to such office unless he shall have resided within the township, borough, ward or district for one year next preceding his election. In cities containing over fifty thousand inhabitants, not more than one alderman shall be elected in each ward or district."

Section 1 of the Act of June 28, 1923, P. L. 903, provides as follows: "That where lands situated in one county now are or hereafter shall be annexed to a borough situated in an adjoining county, said lands which are so annexed shall be governed for borough and school purposes as a part of the borough to which they are annexed, and for county and poor purposes they shall be governed as a part of the county or poor district in which they are actually situated, which said government shall be administered according to the general law relating to boroughs, school districts, counties and poor districts, except as hereinafter otherwise provided."

Section 6 of the Act of June 28, 1923, P. L. 903, provides as follows:

"Jurisdiction of Courts in Actions Arising in Such Territories.—All prosecutions and summary convictions for violations, within land situated in one county and annexed to a borough situated in an adjoining county, of borough ordinances and the school laws and the laws relating to motor vehicles shall be had only in the county wherein is situated the borough to which the said land is annexed, and the several courts, both of record and not of record, in said county are hereby given jurisdiction thereof.

"All civil suits (except those arising out of reports of viewers as hereinafter stated) and all prosecutions and summary convictions for all other offenses, misdemeanors and crimes committed within land situated in one county and annexed to a borough situated in an adjoining county shall be had in the court wherein the same would have been tried if said land had not been annexed to the said borough, and the jurisdiction of the several courts of this Commonwealth to hear and determine the same shall not be affected in any way by the annexation of such land to such borough, except that the courts of the county wherein is situated the borough to which the land has been annexed shall have exclusive jurisdiction to hear and determine all prosecutions and summary convictions for violations within such land of borough ordinances, the school laws and the laws relating to motor vehicles."

The office of justice of the peace is an ancient and honorable one and has existed in some form throughout the history of the common law. In Bowman's Case, 225 Pa. 364, Mr. Justice Brown, speaking for the court, on page 368, says: "Under all of our constitutions a justice of the peace has been a constitutional officer, and by the 11th section of the judiciary article of the present one he is a judicial officer. This appellant was as much a judge, though in a limited sphere, as the judicial officer by whose decree the appellees would have him removed from office. He was duly elected by the people, and, by the mandate of the constitution, commissioned by the governor to serve for a term of five years as the head of a court not of record."

While our justices of the peace are to be elected by the electors of the several wards, districts, boroughs and townships, their jurisdiction extends over the entire county. So while elected by the electors of such district, he is not a borough or township officer but a county officer: Com. ex rel. Graham v. Cameron, 259 Pa. 209; Com. ex rel. Brunner, 6 Pa. C. C. Reps. 323; Stapleton v. Greist, 26 Pa. C. C. Reps. 134; Com. ex rel. Lentz, 13 Dist. R. 388.

While the office of justice of the peace as originally established in England was exclusively an office to keep the peace, in our own State he has extensive civil jurisdiction, exclusive up to $5.33, mandatory on penalty of costs to the amount of $100, and concurrent with the Common Pleas in amounts exceeding $100 and not in excess of $300. This jurisdiction, while extending all over the county, is confined to the county in which the justice has his office.

In the case before us, the Borough of Ellwood City, while lying mostly in Lawrence County, has annexed to it a part of Beaver County. The candidate lives in Beaver County. His civil jurisdictions, if elected, would be confined to Lawrence County. It is a constitutional requisite that a justice of the peace shall have resided within the township, borough, ward or district for one year next preceding his election. It is true that under the provisions of the Act of 1923, above cited, a justice of the peace in a borough, which has annexed to it lands from another county, has a limited jurisdiction in prosecutions and summary convictions relating to borough ordinances, school laws and laws relating to motor vehicles, but it is confined to this. And all civil suits, prosecutions and summary convictions for all offenses, misdemeanors and crimes committed within such annexed district are excluded. We are, therefore, of opinion that the residence required by the Constitution would be confined to that part of the borough which lies exclusively within the territorial limits of Lawrence County. The Act of June 28, 1923, P. L. 903, above cited, specifies that lands from an adjoining county annexed to a borough within another county shall be governed for borough and school purposes as part of the borough to which they are annexed, and for county and poor purposes they shall be governed as a part of the county or district in which they are actually situated. The jurisdiction of a justice while having to do with violation of borough ordinances, school laws and violations of the Motor Code, is more extensively concerned with general civil actions and violation of general criminal laws. He is not a borough officer, but a county officer, and in the Borough of Ellwood City he is a Lawrence County officer. If this candidate were elected, he should have the right to maintain his office where he lives. We would then have a resident of Beaver County subject to the laws of Beaver County in everything except matters relating to borough ordinances, school laws and violations of the Motor Code, sitting in Beaver County, exercising jurisdiction over the citizens of Lawrence County. We are of opinion that the framers of our Constitution did not intend any such situation as this. We are, therefore, of opinion that in order to be eligible to the office of justice of the peace in the Borough of Ellwood City, the candidate being otherwise qualified, must have resided within that part of the borough which is in Lawrence County for a period of one year next preceding his election, and that the petitioner in this case, not possessing these qualifications, is not entitled to have his name placed upon the ballot at the coming primary election as a candidate for justice of the peace in the said Borough of Ellwood City.

In according with the foregoing opinion, we make the following

### Order.

Now, Aug. 29, 1929, the writ of alternative mandamus issued Aug. 19, 1929, is discharged and the petition of Charles V. Patton is dismissed, at the costs of the petitioner.

From William McElwee, Jr., New Castle, Pa.