From George Ross Eshleman, Lancaster, Pa.

## Geistown's Justice of the Peace.

Koch, Dep. Att'y-Gen., April 25, 1930.—The Court of Quarter Sessions of Cambria County entered a decree on Jan. 18, 1930, incorporating the Borough of Geistown, in said county. A special election was held therein on Feb. 25, 1930, whereat one G. N. Good was elected justice of the peace, "to serve until the next municipal election." [The quoted words are taken from the certificate of election furnished by the prothonotary.]

Mr. Good has requested the issuance of a commission to him as justice of the peace for a term to expire, presumably, the first Monday of January following the next municipal election: Constitution, art. v, § 11; Act of March 2, 1911, P. L. 8. The next municipal election will be held the Tuesday next following the first Monday of November, 1931 (Constitution, art. VIII, § 3), unless the Legislature, perchance, should meantime fix another date in the manner provided in said article and section.

The contention has been advanced that upon the creation of the Borough of Geistown, a vacancy ipso facto existed in the office of justice of the peace, and that the right of the Governor to appoint an incumbent immediately attached to such vacancy. This contention finds support in Com. ex rel. Snyder v. Machamer, 5 Dist. R. 560.

Mr. Good contends that his election at the special borough election entitles him to a commission, and that the right of the Governor to appoint extended

no further than to an appointment to expire on the date of the special borough election.

The authority for a special borough election is found in the General Borough Act, approved May 4, 1927, P. L. 519. Section 805 provides that when the court orders a special election for the election of borough officers in a newly created borough, the officers so elected shall hold office until the first Monday of January next succeeding the municipal election. Section 807 lists the officers to be elected, but excludes from said list the office of justice of the peace, which is entirely in harmony with the provisions of section 102, which distinctly provides: "This act does not include any provisions, and shall not be construed to repeal any acts, relating to: . . . *(i)* Justices of the peace."

It, therefore, goes without saying that a special election for the election of justices of the peace is not authorized under the provisions of the General Borough Act of 1927.

Nor is it contended that a justice of the peace is a borough officer: Com. ex rel. Attorney-General *v.* Callen, 101 Pa. 375; Com. ex rel. Graham *v.* Cameron, 259 Pa. 209.

The Act of April 3, 1851, § 26, P. L. 320, authorizes the electors in any newly incorporated borough, "at the first borough election to elect six school directors under the provisions of the laws regulating common schools, and two justices of the peace to serve for a term of five years, and thereafter to elect justices of the peace and school directors as directed by law."

But article V, section 11, of the Constitution, both as originally adopted and as amended in 1909, seriously affected the Act of 1851. As amended, said article and section provide for the election of justices of the peace at the municipal election for a term of six years. There is no provision, either in the Constitution or in any act of assembly enacted after its adoption, that provides for a *special* election of a justice of the peace. It seems clear, therefore, that section 26 of the Act of 1851, as applicable to the question here under consideration, is inconsistent with the provisions of the Constitution that justices of the peace may be elected only at the municipal election.

It has been the unbroken practice of your predecessors to refuse to issue commissions to persons claiming to have been elected to the office of justice of the peace at special elections. This practice should not be changed, in our opinion: first, because there has been no argument advanced that convinces us that the practice is legally unsound; and, second, because it is always wise, in cases of doubt, to refrain from issuing a commission until the party claiming the same has tested out his right thereto by appropriate action.

Attorney-General McCormick advised the Secretary of the Commonwealth, in an opinion rendered June 3, 1896 (5 Dist. R. 437), that is was the duty of the Governor to appoint an alderman in a newly created ward in the City of Harrisburg. Another person was later elected to the office at a special ward election, and obtained a rule to show cause why a *quo warranto* should not issue against the Governor's appointee. The Attorney-General's ruling was vindicated by the Court of Common Pleas of Dauphin County: Com. ex rel. Snyder *v.* Machamer, 5 Dist. R. 560. The situation here presented is very similar, and we, therefore, advise that, in our opinion, there exists a vacancy in the office of justice of the peace in Geistown Borough, and that the same may lawfully be filled only by appointment by the Governor, until the person elected at the next municipal election is entitled to enter upon his term of six years: Article IV, section 8, of the Constitution, as amended Nov. 2, 1909.

From C. P. Addams, Harrisburg, Pa.