## Gregory v. Johnson, etc.

*Stranahan & Sampson*, for plaintiff.

*L. R. Rickard*, for defendant.

McKAY, J., February 5, 1954.—This case is a case stated in the nature of a petition for a writ of mandamus to compel the Burgess of the Borough of Mercer to administer the oath of office to plaintiff as a member of council of the borough. Defendant refused to administer the oath on the ground that plaintiff, being a justice of the peace in the borough, was not eligible to be a member of the borough council.

Plaintiff was elected both justice of the peace and member of the council at the municipal election held November 3, 1953, and has qualified for both offices. The question presented is, whether the offices of justice of the peace and member of the borough council are incompatible.

The Constitution of Pennsylvania, article XII, sec. 2, provides:

"No member of Congress from this State, nor any person holding or exercising any office or appointment of trust or profit under the United States, shall at the same time hold or exercise any office in this State to

which a salary, fees or perquisites shall be attached. The General Assembly may by law declare what offices are incompatible."

Pursuant to the above constitutional authority the legislature has undertaken to specify by appropriate legislation that certain offices are incompatible.[1]

It will be noted that the statutory list of incompatible offices does not specifically include the offices of member of borough council and justice of the peace.

It is contended, however, that the offices are incompatible by reason of section 52 of the County Code of May 2, 1929, P. L. 1278, art. III, sec. 52, 16 PS §52, which provides:

"No county officer shall, at the same time, serve as a member of council of any city, borough, or town, nor as school director of any school district."

It is the position of defendant that a justice of the peace is a county officer within the meaning of the above provision.

---

1. These include State and Federal offices on the one hand and either justice of the peace, notary public, mayor, recorder, burgess or alderman of any city, corporate town or borough, resident physician of the lazaretto, constable, judge, inspector or clerk of election on the other (Act of May 15, 1874, P. L. 186, 65 PS §1); justice of the peace and prothonotary or clerk of court (section 4); justice of the peace and associate judge (section 5); district attorney and member of the legislature or other State office (section 6); county commissioner and member of board of health or school director (section 7); alderman or practicing physician and prison inspector (section 8); member of city council, guardian of the poor or member of board of health and prison inspector or salaried officer under any of these offices (section 9); city councilman and member of legislature (section 10); city councilman and employe of council (section 11); city councilman and office chosen by council (section 13); member of city council and other elective city or county office (section 14); senator or representative and any other State or Federal civil office (section 15); school director, constable, lathmaster or road commissioner and township or borough auditor (Act of May 18, 1876, P. L. 179, sec. 1); school director and member of council in any municipality (Act of May 28, 1915, P. L. 579, sec. 1).

The Constitution defines county officers as follows (Art. XIV, sec. 1):

"County officers shall consist of sheriffs, coroners, prothonotaries, registers of wills, recorder of deeds, commissioners, treasurers, surveyors, auditors or controllers, clerks of the courts, district attorneys, and such other as may from time to time be established by law."

The legislature, pursuant to the above constitutional authorization, has undertaken to name the county officers in section 51 of the County Code of May 2, 1929, P. L. 1278, art. III, sec. 51, 16 PS §51.[2]

It is to be noted that the section containing the enumeration of the elective officers of the county immediately precedes the section providing that "no county officer shall, at the same time, serve as a member of council of any . . . borough . . . ," (section 52) upon which defendant relies.

It would seem that when the legislature undertook to enumerate the county officers in section 51 and then to provide in the following section that no county officer shall serve as a member of borough council, the enumerated list of county offices contained in the prior section would be exclusive of any other office.

A careful study of the statutes of Pennsylvania purporting to list or define county offices fails to disclose

2. Section 51. Enumeration of Elected Officers.
"In each county, there shall be the following officers elected by the qualified electors of the county: (a) three county commissioners; (b) three auditors, or in all counties where the office of auditor has heretofore or shall hereafter be abolished, one controller; (c) one treasurer; (d) one county surveyor; (e) one coroner; (f) one recorder of deeds; (g) one prothonotary; (h) one clerk of the court of quarter sessions and of the court of oyer and terminer; (i) one clerk of the orphans court; (j) one register of wills; (k) one sheriff; (l) one district attorney; and (m) two jury commissioners. All such offices shall remain as now constituted in each county."

any offices other than those listed above in section 51 of the County Code. In particular, nowhere in our statutory law does it appear that a justice of the peace is referred to as a county officer. Therefore, since the Constitution purports to enumerate certain county offices and authorizes the legislature to create additional ones, and the legislature has added to the list in the County Code but has not designated the office of justice of the peace as one of them, it would seem clear that the office of justice of the peace is not a county office.

The answer to the present question would be simple were it not for the language contained in certain opinions of our courts in which it is either stated or assumed that the office of justice of the peace is a county office. An examination of these cases, however, discloses that in each instance the court was construing a particular statute, and we think that the effect of those decisions is merely that the office of justice of the peace is in the nature of a county office only within the meaning of the statutes being construed in those cases.

Thus, in the case of Commonwealth ex rel. Graham v. Cameron, 259 Pa. 209, the question before the court was whether a district attorney had the authority to file a suggestion for a writ of quo warranto under the Act of June 14, 1836, P. L. 621, sec. 2, which limited his authority to cases involving a "county or township office within the respective county" as distinguished from a State office. The court held that the district attorney was the proper person to file a suggestion for a writ of quo warranto against a justice of the peace, and stated (p. 212) :

"If the office of justice of the peace is a county office, then the district attorney has authority to file the suggestion. Commonwealth v. Callen, 101 Pa. 375, is authority for the proposition that, the office of justice of

the peace is a county office,[3] *within the meaning of the Act of 1836.* (Italics supplied.) It is certainly not a State office; and the fact that the commission is from the Governor of the State does not make it such."

Similarly, several county cases hold that the Quo Warranto Act of 1836, supra, permitted the right of a justice of the peace to hold his office to be determined by the court of common pleas, and that the office is a county office for the purpose of that act: Commonwealth ex rel. v. Brunner, 6 Pa. 323; Commonwealth ex rel. v. Lentz, 13 Dist. R. 388; Commonwealth ex rel. v. Keiser, 37 D. & C. 473; Commonwealth ex rel. v. Owen et al., 39 D. & C. 169. Likewise it has been held that a justice of the peace is a county officer to the

---

3. It is interesting to note that the case of Com. v. Callen, supra, did not in fact decide that the office of justice of the peace was a county office. It held the contrary. The case was quo warranto to try the title of Callen to the office of alderman in the City of Allegheny. Callen was elected at the February 21, 1882, election to fill the vacancy caused by the death of his predecessor on December 10, 1881.

The Act of March 22, 1877, P. L. 12, 2135 PS §1, provided that aldermen and justices of the peace were to be elected on the third Tuesday of February, and that 20 days' notice should be given of an election to fill a vacancy caused by death.

The Constitution of 1874, Article IV, sec. 8, provided that State and county offices should be elected at the general election (in November), and that if a vacancy occurred within three months of the general election, the Governor should make an appointment of a person to serve until the next succeeding general election.

The suggestion for the writ challenged the election of defendant, because the vacancy occurred within three months of the election. The court, in sustaining defendant's demurrer and thereby confirming his title to office, construed the constitutional provision to apply only to State and county offices and not to city, ward, borough or township offices, and held that the office of alderman belonged to the latter group. It stated (p. 379):

"An alderman or justice of the peace is not *properly* a ward, borough or township officer, nor is the office a judicial office, strictly speaking, although the constitutional provisions on the subject are found in the article on the judiciary. We must, however, consider it *as belonging to the class of ward, borough or township offices,* because it is placed in that class by the constitution." (Italics supplied.)

extent that he must reside within the county in order to have his name placed upon a ballot, his jurisdiction being county-wide (Patton v. Lawrence County Commissioners, 13 D. & C. 248), and that a justice of the peace is not a borough officer upon the creation of a borough out of a portion of a township: Geistown's Justice of the Peace, 13 D. & C. 595.

The above cases illustrate the difficulty of fitting the ancient office of justice of the peace, which antedates the Constitution, into any of the constitutional and statutory classifications of public offices. This is to be expected, for the justice of the peace is elected by the people of the borough or township, his jurisdiction is county-wide, and he is commissioned by the Governor, as in the case of State offices. It is possible that the office may belong to one classification for the purpose of one act and to another classification for the purpose of another statute.

In our opinion, the cases cited merely establish that for certain particular purposes of statutory application not involved in the present case, the office is to be regarded as a county office rather than as a local or State office, the office being more nearly comparable to the county offices than to the alternative categories.

But these considerations do not warrant placing the office in the class of county offices within the meaning of the section of the County Code dealing with incompatibility of county officers when neither the Constitution, the County Code, nor any other statute includes that office among the enumerated county offices.

In our opinion, the most convincing authority on the present question is the case of House v. Allegheny County, 153 Pa. Superior Ct. 396. That case is particularly pertinent for the reason that it, like the present one, involves the County Code. It holds that a justice of the peace is not a county officer over whom the county controller has jurisdiction and that there-

fore such an officer can lawfully sue in assumpsit to recover fees instead of appealing from the controller's report as county officers would be required to do. (p. 400):

"However, a justice of the peace is not a 'county officer' within the meaning of §344 nor an 'officer' contemplated by §379. Section 51 of The General County Law enumerates the county officers and does not mention justices of the peace; they are not referred to elsewhere in the act as county officers, nor does any provision thereof subject them to the liabilities of county officers. The Constitution (Art. XIV, Sect. 1) also enumerates county officers and justice of the peace is not among them. The justices of the peace are judicial officers; they perform no administrative duties in connection with the corporate affairs, or the management of the business concerns of the county. True, their jurisdiction extends over the county, 'But mere coincidence of boundary or character of duty performed is not sufficient to make them county officers': Tranter v. Allegheny Co. Authority, 316 Pa. 65, 83, 173 A 289. They are not elected by the voters of the county at large but by the voters of wards, boroughs and townships. They do, it is true, collect fines and costs and, in proper cases, remit them to the county and the county does pay them certain fees, but this does not constitute them county officers."

It is our opinion, therefore, that the office of justice of the peace is not a county office within the meaning of the County Code.

It is contended further that, apart from any statute, the offices held by plaintiff are incompatible for reasons of public policy because of the inherent inconsistency of their duties, and that the court should so hold, as was done in the case of Commonwealth ex rel. v. Snyder, 294 Pa. 555. The Supreme Court has more recently held, however, that when the legislature has

determined in several instances that certain offices are incompatible, it would be a transgression of the power of the court to hold other offices incompatible when the legislature has not seen fit to act in the matter: Commonwealth ex rel. Schermer, v. Franek, 311 Pa. 341.

We therefore hold that the offices of justice of the peace and member of the borough council are not incompatible and that plaintiff, R. C. Gregory, may lawfully continue to hold both of those offices in the Borough of Mercer.

### Order

And now, February 5, 1954, it is ordered that at such time as may be mutually convenient to the parties, defendant, Roger B. Johnson, Burgess of the Borough of Mercer, Pa., administer the oath of office to R. C. Gregory as a member of the borough council of the borough.

Costs are to be paid by the Borough of Mercer.