## Commonwealth v. Schubert

*Donald D. Doerr*, District Attorney, for Commonwealth.

*William C. Robinson*, for defendant.

SHUMAKER, P. J., January 31, 1957.—This matter is before the court on an appeal from a summary conviction.

On September 11, 1956, Roy R. Schubert, defendant, was stopped in Franklin Township, Butler County, by an officer of the Pennsylvania State Police, while defendant was driving heavy moving equipment owned by R. R. Schubert.

The equipment and load were weighed on portable scales by the police officer who thereupon filed an information against defendant on the same day charging him with violation of section 903, art. 9, sub-section (b), as amended, of The Vehicle Code of May 1, 1929, P. L. 905, the same pertaining to overloads on the public highways, said information being made before R. B. Dennis, duly elected and qualified Justice of the Peace of Franklin Township.

On October 4, 1956, defendant was given a hearing by said R. B. Dennis, found guilty of the charge and sentenced to pay a fine and costs.

On October 13, 1956, this court allowed the appeal by defendant from said conviction and directed the posting of a bond in amount of $14,000, which was done.

One of the main contentions in behalf of defendant in this appeal appears to be that R. B. Dennis was without authority to handle this matter as a magistrate.

It is conceded that said R. B. Dennis was the duly elected and qualified Justice of the Peace of Franklin Township in Butler County, and it is admitted that on July 31, 1956, said R. B. Dennis was appointed Warden of the Butler County Correctional Institution by the Butler County Prison Board, and on August 24, 1956, moved the greater portion of his personal property from his home and office in Franklin Township to the warden's quarters in the prison, now known as the correctional institution, located in the city of Butler and from said August 24, 1956, said R. B. Dennis and his wife, matron of said correctional institution, and their son resided in the apartment within the correctional institution.

Mr. Dennis testified that he had returned on a couple occasions to his home in Franklin Township after August 24, 1956, to sleep, thereby avoiding the noise of city traffic.

The Act of February 22, 1802, P.L. 75, 42 PS §171, provides:

". . . from and after the first day of August next no justice of the peace shall act as such unless he shall reside within the limits of the district for which he was commissioned."

Butler County is a county of the fifth class and the Act of May 16, 1921, P. L. 579, sec. 2, as amended, 61 PS §409, provides that the warden of a prison of the fifth class county shall reside in the prison building.

It is well established that the matter of residence is a matter of intention, and it is conclusively presumed that R. B. Dennis intended to comply with the above dated act of assembly by changing his residence to the Butler County Correctional Institution, as required by law, on August 24, 1956. The case of Commonwealth ex rel. Graham v. Cameron, 259 Pa. 209 (1917), in construing the Act of 1802, supra, held that a justice lacked jurisdiction where his township was annexed to a borough, stating that the same would be true if the justice had changed his residence by his own voluntary act.

We conclude that R. B. Dennis could not establish and change his residence to the Butler County Correctional Institution, as required by law, and at the same time maintain his office as Justice of the Peace in Franklin Township and that since the information now before us in this case was made on September 11, 1956, R. B. Dennis was without authority to handle this case.

This being so, it is unnecessary for the court now to discuss the other objections raised in behalf of defendant.

## Order

And now, January 31, 1957, the appeal in this case is sustained, defendant is discharged and his bond posted is ordered remitted.