## Marker v. Commonwealth

*Ronald M. Katzman, Goldberg, Evans & Katzman,* for plaintiff.

*Walter E. Alessandroni,* Atty. General, and *Raymond Kleiman,* Deputy Atty. General, for Commonwealth.

KREIDER, P. J., December 2, 1966.—M. R. Marker brought a complaint in mandamus against W. Stuart Helm, Secretary of the Commonwealth of Pennsylvania, and William W. Scranton, Governor, praying that a certificate of election and a commission issue to plaintiff, who claims he was duly elected Justice of the Peace for the Borough of Trafford, which is situated in both Allegheny County and Westmoreland County, Pa. Defendants filed an answer to the complaint, and thereafter, the parties submitted for the

opinion of the court a case stated in which the essential facts were stipulated. Subsequently, an additional stipulation of facts was filed, and the matter is now before this court for decision.

The basic question to be decided is whether the Borough of Trafford is entitled to two justices of the peace without regard to whether said officials reside in the Allegheny County or the Westmoreland County part of the borough. When incorporated in 1904, the borough encompassed land s o l e l y in Westmoreland County. In 1905, the Borough of Trafford annexed certain lands situated in townships located both in Westmoreland County and Allegheny County. As shown by Exhibit "C" attached to the case stated, the area of land comprising the borough is located almost wholly in Westmoreland County. The additional stipulation of facts sets forth that only 140 persons reside in the Allegheny County part of the borough, whereas 4,190 persons reside in the Westmoreland County portion thereof. The registration records for the year 1962 disclose that there are 64 registered voters in the Allegheny County part and 2,186 in the Westmoreland County portion of the borough.

For as long as records are available, i. e., since 1915, it appears that two justices of the peace for this borough have always been elected without regard to the county in which said officers reside. However, in January 1965, the office of the Secretary of the Commonwealth notified the Westmoreland County Board of Elections that only one justice of the peace should be elected for that part of the Borough of Trafford lying in Westmoreland County and that the other justice of the peace to which the borough was entitled would have to reside in the Allegheny County portion of the borough and be elected by those persons residing therein.[1] Notwithstanding said direction, nomina-

---

[1] No person has been serving as justice of the peace in this area.

tions were accepted by the County Board of Elections of Westmoreland County to fill vacancies for two justices of the peace for the Borough of Trafford, without regard to the portion of the borough in which the nominees resided.

Plaintiff Marker received the highest number of votes in both the Westmoreland County and the Allegheny County[2] portions of the Borough of Trafford, and Earl G. Carlheim received the second highest number of votes. Both Marker and Carlheim reside in the Westmoreland County section of the borough. The results of said election were duly certified to defendants, but they refused to issue a certification of election and commission of office. They claim the election was invalid since, in their opinion, only one justice of the peace could be elected lawfully in the Westmoreland County part of the borough.

Defendant's basic contention is that the Act of June 6, 1893, P. L. 335, as amended by the Act of May 20, 1937, P. L. 728, 42 PS §15, requires that in cases of boroughs lying in two counties, only one justice of the peace shall be elected from each portion of the borough located entirely within the same county. Defendants assert that the Westmoreland County portion of the Borough of Trafford is entitled to only one justice of the peace, and since both Marker and Carlheim reside in that portion, their election is void and a vacancy exists.

It must be noted at the outset, however, that the Act of 1893, as amended, is entitled "An Act to provide for the consolidation of boroughs and the government and regulation thereof". It does not relate in any way to a borough lying in one county which subsequently *annexes* portions of land lying in another

---

[2] All the votes for Marker in the Allegheny County portion of the borough were obtained by the "write-in" method. His name did not appear on the ballot in that district.

county. The Act of 1893 in its pertinent part, as originally drawn, provided as follows:

"Section 11. Justices of the peace in office in each of *such* boroughs shall continue in office until the expiration of their respective commissions, and no election for justices of the peace shall be held in *such* borough until the number has been reduced to two by the expiration of the commissions of the persons in office, and thereafter there shall be two justices of the peace in such *new* borough who shall hold their offices for the term and be elected and qualified in the manner provided by law".[3]

It will be readily observed that this section originally made no provision for justices of the peace in consolidated boroughs lying in two counties. As indicated in the italicized portion of the Act of 1937, supra, it now provides:

"Section 11. Justices of the peace in office in each of such boroughs shall continue in office until the expiration of their respective commissions, and no election for justices of the peace shall be held in such borough until the number has been reduced . . . by the expiration of the commissions of the persons in office *to two, and in case of consolidated boroughs lying in two counties, to one in either portion of the borough located entirely within the same county,* and thereafter there shall be two justices of the peace in such new borough, *and in the case of consolidated boroughs lying in two counties, one justice of the peace shall at all times be elected in each portion of the borough located entirely within the same county,* who shall *have jurisdiction in the county of their election. All justices of the peace in consolidated boroughs shall* hold their offices for the term and be elected and qualified in the manner provided by law".

---

[3] Italics throughout supplied unless otherwise indicated.

The purpose of the amendatory Act of 1937 is obvious. It made certain that each of the "consolidating" boroughs lying in two counties would have one justice of the peace. The situation is entirely different, however, when a borough merely "annexes" a tract of land lying in another county, which annexed area at that time may or may not have a justice of the peace residing therein. If, as defendants contend, the Act of 1893, as amended, applies to the instant case, the result would be that a tiny area of the new borough containing only 140 residents would be entitled to one justice of the peace, while the other part of the borough containing 4,190 persons would automatically lose one of its two justices of the peace. We do not believe the legislature intended such an inequitable result.

The reason for the Act of 1893, as amended, supra, is clearly set forth in section 11 thereof. That statute enacted a procedure whereby two already existing boroughs could consolidate into one. The Borough of Trafford has never joined with another borough, and thus cannot be called a "consolidated" borough. Moreover, the legislative and administrative interpretation of the act for many years has been contrary to the construction which defendants now assert. The long-existing interpretation by the executive branch of the government and the presumed acquiescence by the legislature, while not conclusive, nevertheless constitutes some evidence of the fact that the statute is not applicable to the situation before us. See Federal Deposit Insurance Corporation v. Board of Finance & Revenue of Commonwealth, 368 Pa. 463, 471-72 (1951). We believe that if the legislature had intended that *consolidated* boroughs and boroughs which *annexed* land lying in another county should be treated in the same manner, it would have referred specifically to both types of boroughs in the legislation it enacted.

Defendants assert, however, that the act must be

interpreted in context with other statutes "defining the responsibilities of Justices of the Peace as well as the extent of their jurisdiction and qualifications". They cite article V, section 11 of the Pennsylvania Constitution, which provides:

" . . . justices of the peace or aldermen shall be elected in the several wards, districts, boroughs or townships, by the qualified electors thereof, at the municipal election, in such manner as shall be directed by law, and shall be commissioned by the Governor for a term of six years. No township, ward, district or borough shall elect more than two justices of the peace or aldermen without the consent of a majority of the qualified electors within such township, ward or borough; no person shall be elected to such office unless he shall have resided within the township, borough, ward or district for one year next preceding his election".

They contend that this provision requires that justices of the peace must reside within the limits of the district for which they are commissioned. They cite the Act of June 28, 1923, P. L. 903, sec. 8, as amended by the Act of June 4, 1937, P. L. 1613, 53 PS § 49108, which provides that:

"All land situated in one county and annexed to, or consolidated with, a borough situated in an adjoining county is hereby made a separate election district, and it may be divided into more than one election district by the proper court of the county wherein the land is actually situated".

Defendants assert that by reason of these constitutional and statutory provisions, plaintiff, being disqualified because he was one of two nominees from the Westmoreland part of the borough, where they say only one should have been on the ballot, and admittedly does not reside in the Allegheny portion thereof, is not entitled to be commissioned as a justice of the peace because he does not reside "in an election dis-

trict which has been separately created by this statute, regardless of whether there has been an annexation or a consolidation of a borough". We cannot agree. Commonwealth, ex rel. v. Hudson, 253 Pa. 1 (1916), holds that "the district" for which a justice of the peace in a borough not divided into wards is elected is "the borough". It is conceded in this case that the Borough of Trafford is not divided into wards.

Defendants claim that plaintiff's contention, viz., that different results obtain depending upon whether a borough annexes land or is consolidated with another borough, is not applicable when consideration is given to the question of the jurisdiction of a justice of the peace. They assert that a uniform application of the Act of 1893, as amended by the Act of May 20, 1937, P. L. 728, supra, 42 PS §15, is required to effectuate the right of the people in the annexed district to elect a justice of the peace. Reference is made to the Act of June 28, 1923, P. L. 903, sec. 8, supra, as amended June 4, 1937, P. L. 1613, 53 PS §49108, which, as above stated, provides that a separate election district is created with respect to land annexed to or consolidated with a borough. It is contended this provision would be meaningless if the voters of a district specially created through annexation would be prevented from nominating and electing a resident of their county to the office of justice of the peace. We are of the opinion that while the legislature no doubt had good and sufficient reasons for creating a separate election district in such cases, it did not intend to permit the electors to choose a justice of the peace in such annexed territory, regardless of how sparse the population might be therein. If it did so intend, we are convinced the legislature would have expressed itself in no uncertain terms, as it did in the case of consolidated boroughs lying in different counties.

In Commonwealth ex rel. Graham v. Cameron, 259

Pa. 209 (1917), quo warranto was brought to test the right of defendant to exercise the office of justice of the peace in the Township of Harmony, Beaver County. After defendant had been elected and commissioned as justice of the peace, a part of the Township of Harmony was duly *annexed* to the Borough of Ambridge, the residence and office of respondent being in that portion of the township so annexed. The Supreme Court of Pennsylvania held that by virtue of the annexation proceedings, respondent became a resident of the Borough of Ambridge, and stated, at page 211:

"But it is only the part of Harmony Township in which the respondent resides and keeps his office that has been annexed to the Borough of Ambridge. If there had been no annexation proceedings and the respondent had moved into the Borough of Ambridge, there is no question but that he could not exercise his commission. That would be true if the respondent thus changed his residence by his voluntary act. The result is precisely the same where the residence has been changed involuntarily. The annexation proceedings legally removed him from the Township of Harmony. Hence the respondent is without legal right to exercise the office of justice of the peace".

In the case at bar, we believe that when the township or a portion lying in Allegheny County was lawfully annexed to the Borough of Trafford in Westmoreland County, the former became inextricably a part of that borough, as did the part of the Township of Harmony when it was annexed to the Borough of Ambridge and that, therefore, there is no right in the *annexed* portion of Allegheny County to elect a justice of the peace for that area alone.

Here, plaintiff meets the requirement of the law that he be a resident of the Borough of Trafford, and for the reasons heretofore stated, we are of the opin-

ion that he is entitled to have and receive a commission for the office of justice of the peace for said borough. Accordingly, we make the following

ORDER

And now, December 2, 1966, the court directs that a certificate of election and a commission be issued to plaintiff, M. R. Marker, for the office of justice of the peace in the Borough of Trafford, in the manner prescribed by law.